JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 19-1470-DOC (JDEx)      Date: October 10, 2019

Title: JAMES RUTHERFORD V. NOE J. MARTINEZ ET AL

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Lewman/Rolls Royce Paschal | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER GRANTING APPLICATION FOR DEFAULT JUDGMENT [28]**

Before the Court is Plaintiff James Rutherford's ("Rutherford") Application for Default Judgment ("Motion") (Dkt. 28). The Court finds this matter appropriate for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. After considering all relevant filings, the Court **GRANTS** the Application for Default Judgment.

**I.    Background**

    **A.    Facts**

The following facts are drawn from the Complaint ("Compl.") (Dkt. 1). Plaintiff asserts violations of the Americans with Disabilities Act ("ADA") and the California Unruh Civil Rights Act, California Civil Code § 51 *et seq.* ("UCRA") against Noe J. Martinez, Irma Martinez, and Melinda Rosenzweig (collectively, "Defendants"). Compl. ¶¶ 1–4. Plaintiff is a California resident who is substantially limited in performing life activities and who uses a wheelchair. *Id.* ¶ 1. On or about October 20, 2018, Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 19-1470-DOC (JDEx)                          Date: October 10, 2019
                                                                                                                 Page 2

went to a restaurant called Alejandro's located at 801 W. 19th Street in Costa Mesa, California ("the Restaurant"). *Id.* ¶ 10. Plaintiff again went to the Restaurant on February 6, 2019. *Id.* Plaintiff alleges the Restaurant is open to the public, a place of public accommodation, and a business establishment. *Id.* ¶ 11. Plaintiff also alleges that the parking spaces at the Restaurant do not comply with the ADA and that the curb ramp in the parking lot violates ADA requirements. *Id.* ¶ 14. Plaintiff alleges these violations of the ADA also constitute violations of the UCRA. *Id.* ¶ 38.

Plaintiff requests judgment in the amount of $8,000 in statutory damages and $4,269 in attorney fees and costs as well as an order directing Defendants to remedy the violations at the Restaurant and comply with the ADA. Mot. at 2.

**B.**      **Procedural History**

On July 31, 2019, Plaintiff filed the Complaint. On September 9, 2019, Plaintiff filed proof of service on all Defendants. Dkts. 17–19. On September 16, 2019, Plaintiff filed a Request for the Clerk to enter default against all Defendants, which was granted on September 17, 2019 pursuant to Fed. R. Civ. P. 55(a). Dkts. 21–26. On October 3, 2019, Plaintiff filed the instant Motion with this Court asking for Default Judgment. Dkt. 28.

**II.**      **Legal Standard**

Federal Rule of Civil Procedure 55(b) provides that the Court may, in its discretion, order default judgment following the entry of default by the Clerk. Fed. R. Civ. P. 55(b). Local Rule 55 sets forth procedural requirements that must be satisfied by a party moving for default judgment. C.D. Cal. R. 55. Entry by the Clerk is proper when the amount of damages is "for a sum certain or a sum that can be made certain by computation"; entry by the Court is proper "[i]n all other cases." Fed. R. Civ. P. 55(b). Upon entry of default, the well-pleaded allegations of the complaint are taken as true, with the exception of allegations concerning the amount of damages. *See, e.g.*, *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977). However, "necessary facts not contained in the pleading, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992). Where the pleadings are insufficient, the Court may require the moving party to produce evidence in support of the motion for default judgment. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987).

When deciding whether to enter default judgment, courts consider seven factors:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 19-1470-DOC (JDEx)             Date: October 10, 2019
                                                                                                                                                                        Page 3

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

### III. Discussion

#### A. Procedural Requirements

Plaintiff has satisfied the requirements of Local Rules 55-1 and 55-2 and Federal Rule of Civil Procedure 55(b). Plaintiff requested and received an entry of default against Defendants. Dkts. 21–26. Having determined Plaintiff's procedural compliance, the Court turns to the substance of Plaintiff's Motion.

#### B. *Eitel* Factors

##### 1. The Possibility of Prejudice to Plaintiff

The first *Eitel* factor requires the Court to consider the harm to plaintiff if the Court does not grant default judgment. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Here, without an entry of default judgment Plaintiff will be prejudiced and denied the right to a judicial resolution of the claims presented. *See id.* Plaintiff alleges that he has encountered barriers at the Restaurant and is being deterred from further patronizing the Restaurant. Compl. ¶¶ 19, 24. Defendants have failed to defend against the action, denying Plaintiff his rights under the ADA and the UCRA. Accordingly, the Court finds that this factor weighs in favor of default judgment.

##### 2. Merits of Claim and Sufficiency of the Complaint

Courts often consider the second and third *Eitel* factors together. *See PepsiCo*, 238 F. Supp. 2d at 1175. The second and third *Eitel* factors favor default judgment where the complaint states a claim for relief. *Id.* at 1177 (citing *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)). In their analyses of the second and third *Eitel* factors, courts accept as true all well-pleaded allegations regarding liability. *See Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

###### a. ADA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SA CV 19-1470-DOC (JDEx)                          Date: October 10, 2019
                                                                                                                                                                           Page 4

The ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Plaintiff alleges that the Defendants own, operate, and/or lease the Restaurant and are therefore liable for violating the ADA if Plaintiff shows that he suffered discrimination at the location due to his disability. Discrimination includes "a failure to remove architectural barriers . . . where such removal is readily achievable." Id. § 12182(b)(2)(A)(iv).

"To prevail on a Title III discrimination claim, the plaintiff must show that (1) [he] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of [his] disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007) (internal alteration original). In addition, in an ADA claim alleging discrimination for failure to remove an architectural barrier, removal of the barrier must be "readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv).

As a threshold matter, Plaintiff has standing to pursue the ADA claim. Plaintiff alleges he was denied access to the Restaurant and is deterred from going in the future, and the Court accepts the allegation as true because of Defendants' default. *See Fair Hous. of Marin*, 285 F.3d at 906; Compl. ¶¶ 19, 24. Plaintiff also alleges that the architectural barriers at issue were the cause of the denial of access to the Restaurant. *See* Compl. ¶¶ 14, 22. An award of damages and an injunction would redress the injury.

However, where injunctive relief is sought, a plaintiff must demonstrate "significant possibility of future harm." *See San Diego County Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1126 (9th Cir. 1996). "Demonstrating an intent to return to a non-compliant accommodation is but one way for an injured plaintiff to establish Article III standing to pursue injunctive relief. A disabled individual also suffers a cognizable injury if he is deterred from visiting a noncompliant public accommodation because he has encountered barriers related to his disability there." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 949 (9th Cir. 2011). Here, Plaintiff alleges he "is being deterred from patronizing the [Restaurant] . . . but intends to return . . . .". Compl. ¶ 24. Thus, Plaintiff has standing to pursue damages and injunctive relief.

Second, Plaintiff has shown he is disabled as defined in the ADA. The ADA defines disability as "[a] physical or mental impairment that substantially limits one or more major life activities" 42 U.S.C. § 12102(1)(A). Major life activities include walking and standing. *Id.* § 12102(2)(A). Here, Plaintiff asserts he is "substantially limited in performing one or

Case 8:19-cv-01470-DOC-JDE Document 29 Filed 10/10/19 Page 5 of 9 Page ID #:110

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 19-1470-DOC (JDEx)                      Date: October 10, 2019
                                                                                                                                          Page 5

more major life activities" and must use a wheelchair for mobility. Compl. ¶ 1. Therefore, Plaintiff is disabled as defined in the ADA.

Plaintiff has also shown Defendants are a private entity that own, lease, or operate the Restaurant as a place of public accommodation. A restaurant is a place of public accommodation. *Id*. § 12181(7)(B). Plaintiff asserts that the Defendants owned the property and/or the Restaurant at 801 W. 19th Street in Costa Mesa. Accepting these allegations as true, Plaintiff has shown Defendants own a place of public accommodation.

Next, Plaintiff has shown he was denied public accommodation because of his disability due to architectural barriers at the Restaurant. Plaintiff alleges he went to the Restaurant and upon arrival documented that

> there [was] no ADASAD compliant accessible or van accessible parking signage in violation of Section 502.6; the curb ramp at the accessible parking space access aisle serving the main entrance projects into the access aisle in violation of Section 406.5 which requires that curb ramps and the flared sides of curb ramps shall be located so that they do not project into vehicular traffic lanes, parking spaces, or parking access aisles; the slope of the curb ramp flares at the curb ramp connecting the accessible parking spaces to the accessible route appears to exceed 10% in violation of Section 406.3 which requires a maximum slope of 10%; the slope of the street curb ramp flares on the accessible route connecting the sales counter to the parking exceeds 10% in violation of Section 406.3; and parking spaces and access aisles serving them shall comply with 302 (access aisles shall be at the same level as the parking spaces they serve and changes in level are not permitted).

Compl. ¶ 14.

Because of Plaintiff's disability and the above barriers at the Restaurant, Plaintiff was denied his right to enjoy accessible conditions at a place of public accommodation.

Finally, Plaintiff has shown that removal of the architectural barriers is readily achievable. Plaintiff alleges that the above violations "are easily removed without much difficulty or expense." Compl. ¶ 27. Furthermore, Plaintiff alleges that these are the types of barriers "identified by the Department of Justice as presumably readily achievable to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 19-1470-DOC (JDEx)                          Date: October 10, 2019
                                                                                              Page 6

remove." *Id*. Indeed, federal regulations provide examples of readily achievable removals. Under 28 C.F.R. § 36.304(b), examples of readily achievable steps to remove barriers include "installing ramps" and "making curb cuts in sidewalks and entrances." Thus, Plaintiff has sufficiently shown removal of the barriers is readily achievable. The Court finds that Plaintiff has stated a cause of action under the ADA.

                                      **b.**       **UCRA**

The UCRA states "[a]ll persons within the jurisdiction . . . are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b). The UCRA permits the recovery of monetary damages through statutory damages of $4,000 per violation. *Id*. § 52(a). A violation of the ADA necessarily violates the UCRA. *Id*. § 51(f). Because Plaintiff has alleged an ADA claim, he has also alleged a violation of the UCRA.

Thus, taking the facts in the complaint as true, the Court finds that Plaintiff has stated a claim under the ADA and the UCRA, and the second and third factors favor default judgment on the claims.

### 3. Sum of Money at Stake

The fourth *Eitel* factor balances "the amount of money at stake in relation to the seriousness of the [d]efendant's conduct." *Pepsico*, 238 F. Supp. 2d at 1176. This requires the court assess whether the recovery sought is proportional to the harm caused by defendant's conduct. *See Walters v. Statewide Concrete Barrier, Inc.*, No. C 04-2559 JSW, 2006 WL 2527776, *4 (N.D. Cal. Aug. 30, 2006) ("If the sum of money at issue is reasonably proportionate to the harm caused by the defendant's actions, then default judgment is warranted"). "Default judgment is disfavored where the sum of money at stake is too large or unreasonable in relation to defendant's conduct." *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1012 (C.D. Cal. 2014).

Here, Plaintiff seeks a total of $12,269 in statutory damages and attorney fees. Mot. at 13. Such an amount is not disproportional to the harm caused. The Court determines that the fourth *Eitel* factor weighs in favor of granting the default judgment.

### 4. Possibility of Dispute Concerning Material Facts

The fifth *Eitel* factor requires the Court to consider the possibility of dispute as to material facts in the case. Where a plaintiff's complaint is well-pleaded and the defendants make no effort to properly respond, the likelihood of disputed facts is very

Case 8:19-cv-01470-DOC-JDE Document 29 Filed 10/10/19 Page 7 of 9 Page ID #:112

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 19-1470-DOC (JDEx)                                    Date: October 10, 2019
                                                                                                                                               Page 7

low. *See Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010).

Here, Plaintiff provided a well-pleaded complaint and Defendants failed to dispute the allegations. "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." *Pepsico*, 238 F. Supp. 2d at 1177 (citing *TeleVideo Sys., Inc.*, 826 F.2d at 917–18). Accordingly, this factor weighs in favor of default judgment.

### 5. Possibility of Excusable Neglect

The sixth *Eitel* factor considers the possibility that a defendant's default resulted from excusable neglect. *Vogel*, 992 F. Supp. 2d at 1013; *see also Eitel*, 782 F.2d at 1471–72. Due process requires that interested parties be given notice of the pendency of the action and be afforded an opportunity to present their objections before a final judgment is rendered. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). While there is always a possibility that a defendant might appear and claim excusable neglect, where the defendants "were properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion," this factor favors entry of default judgment. *Shanghai Automation Instrument Co. Ltd. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001).

Here, Defendants were properly served with the Complaint. *See* Dkts. 17–19. Defendants were also served with the notice of entry of default and the papers for the instant motion. *See* Dkts. 24–26; Declaration of Joseph R. Manning (Dkt. 28-3) ¶ 7. However, no answer was filed. Defendants have simply made no effort to defend this suit. Because the likelihood of excusable neglect is very low, this factor weighs in favor of default judgment.

### 6. Strong Policy Favoring Decision on the Merits

The seventh *Eitel* factor requires the Court to consider the strong judicial policy favoring decisions on the merits before granting default judgment. "Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. But the mere existence of Rule 55(b) "indicates that this preference, standing alone, is not dispositive." *Pepsico*, 238 F. Supp. 2d at 1177 (citation omitted). Rule 55(a) allows a court to decide a case before the merits are heard if defendant fails to appear and defend. *Id.* ("Defendant's failure to answer plaintiffs' complaint makes a decision on the merits impractical, if not impossible."). Since Defendants have not responded to Plaintiff's Complaint, the Court is not precluded from entering judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 19-1470-DOC (JDEx)            Date: October 10, 2019
           Page 8

Taken together, the seven *Eitel* factors weigh in favor of granting default judgment against the Defendants.

### C. Remedies

Having determined that entry of default judgment is proper, the Court turns to the remedies sought. "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Once "[i]njury is established[,]… plaintiff need prove only that the compensation sought relates to the damages that naturally flow from the injuries pled." *See Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003). While the Court is not required to issue findings of fact as to liability, it must do so as to damages. *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1414 (9th Cir. 1990). The Court can consider "'declarations, calculations, and other documentation of damages in determining if the amount at stake if reasonable,'" when assessing whether "there is an adequate basis for the damages awarded in the default judgment." *Xerox Corp. v. American Mail Centers, Inc.*, 2016 WL 10834102, at *2 (C.D. Cal. Oct. 14, 2016) (quoted citation omitted).

In this Motion, Plaintiff seeks (1) statutory damages for violation of the UCRA in the amount of $8,000; (2) injunctive relief and; (3) attorney's fees and costs in the amount of $4,269.

#### 1. Statutory Damages

Plaintiff seeks $8,000 in statutory damages for two violations of the UCRA. The UCRA provides that a plaintiff subjected to discrimination is entitled to recover $4,000 for each occasion the plaintiff is denied equal access. Cal. Civ. Code § 52(a). Here, the Plaintiff alleges two such violations. Compl. ¶¶ 10–13; Mot. at 11. The violations are approximately four months apart, meaning the Plaintiff gave sufficient time to Defendants to remedy the violations and they did not do so. This is sufficient to establish two violations of the UCRA, and statutory damages of $8,000 is appropriate.

#### 2. Injunctive Relief

Plaintiff also seeks injunctive relief under the ADA and UCRA. "In the case of violations [of the accessibility provisions] of [the ADA], injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities...." 42 U.S.C. § 12188(a)(2). Injunctive relief is proper here,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 19-1470-DOC (JDEx)            Date: October 10, 2019
           Page 9

as the Court has found Plaintiff has plead a valid claim under the ADA and the removal of the barriers is readily achievable. Therefore, the Court **ORDERS** Defendants to remove barriers at the Restaurant to the extent Defendants can legally do so. Defendants are enjoined to remove the barriers described in Plaintiff's complaint, including providing complaint van accessible parking signage, providing complaint curb ramps, and providing compliant parking spaces and access aisles. *See* Compl. ¶ 14.

### 3. Attorney's Fees and Costs

Pursuant to Local Rule 55-3, attorneys' fees for a default judgment are determined pursuant to a fixed percentage schedule. C.D. Cal. L.R. 55-3. For a judgment between $1,000 and $10,000, the award is $300 plus 10% of the amount over $1,000. For this matter, that amount would be $300 + ($7,000 * .1) for a total of $1,000. The total amount for attorney's fees is $1,000. Plaintiff also requests costs in the amount of $538.00. This Court finds that amount reasonable and awards the amount. The total amount of attorney's fees and costs is $1,538.

### IV. Disposition

For the reasons set forth above, the Court **GRANTS** the Motion for Default Judgment and **ORDERS** injunctive relief, a $8,000 award in statutory damages, and $1,538 in attorney's fees and costs.

The clerk shall serve this minute order on the parties.

MINUTES FORM 11            Initials of Deputy Clerk: rrp
CIVIL-GEN